### COMMONWEALTH *vs.* CHESTER R. WHITE & another.

An allegation, in an indictment on the Rev. Sts. *c.* 47, § 2, that the defendant sold spiritous liquor to A., is supported by proof that he sold to A. brandy or gin mixed with sugar and water.

.t is the duty of a jury, in criminal cases, to follow the instruction of the court in matter of law.

AN indictment against the defendants alleged, in one count, that they, at Springfield, on the 10th of September 1844, " did sell to one Edwin T. Rogers one gill of spiritous liquor, to be used in and about their house there situate, without being first duly licensed, according to law, as an innholder or common victualler, with authority to sell spiritous liquor ; against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided." There were in the indictment several similar counts.

At the trial in the court of common pleas, before *Washburn,* J. it appeared that the defendants were innkeepers in Springfield, with a license to sell fermented liquors only, and that the liquor mentioned in the indictment was sold and used in their inn, and that it was sold in the form of gin and brandy, mixed with sugar and water, so as to make what is called toddy or sling. The defendants objected, that the proof did not sustain the allegation of a sale of spiritous liquor, but that it was a sale of mixed liquor, part of which was spiritous. The judge overruled the objection.

The defendants requested the judge to instruct the jury, that if they were satisfied that the article sold at the different times was mixed liquor, part of which was spiritous, the proof did not sustain the indictment ; that it was for the jury to judge, from all the testimony, whether the article was such ; and that the jury might judge of the law, as well as of the facts. But the judge instructed the jury, that if the sale was of spiritous liquor, mixed with sugar at the time of sale, for the purpose of being drunk in the defendants' house, it would be a violation of the statute ; that it was the province of the court to rule upon this point, as a matter of law in construing

the statute ; that it was the *duty* of the jury· to follow the ruling of the court upon this, as a question of law ; but that the jury had the *power* to return such a verdict as they saw fit, without being amenable to the law, even though against the instruction of the court on matters of law.

The jury found the defendants guilty on six of the counts in the indictment, and they alleged exceptions to the judge'« rulings and instructions.

*Ashmun,* for the defendants.

*Porter,* (District Attorney,) for the Commonwealth.

DEWEY, J. From the evidence offered on the trial of this case, it appeared that the liquors sold by the defendants were brandy and gin, mixed with sugar and water, so as to make what is commonly called toddy or sling ; and the first objection taken is that of variance, and it is contended that the indictment should have alleged a sale of mixed liquor, part of which was spiritous. It doubtless would have been a good and legal form of charging the offence, to have described the article sold as brandy sling, the same being a mixed liquor, part of which was spiritous ; but the point of inquiry is, whether it is not also well described as a sale of spiritous liquor, omitting the further allegation that it was a mixed liquor.

Spiritous liquor was one of the constituent parts of the article sold, and it was therefore properly described as such, unless brandy ceases to be a spiritous liquor when mixed with water and sugar. To test the case, take the first of these mixtures, the addition of water to brandy. Would this change the article, so that it would be a variance to describe it, in the indictment, as a sale of spiritous liquor ? If the mere addition of water essentially changes the character of the article, there can be no indictment, or certainly very rarely any, for selling spiritous liquors ; as the usual course of trade is to reduce them by water, before offering them for sale. It seems to us that the addition of water does not change the article, so as to render it other than spiritous liquor. The addition of sugar is more indicative of a change ;

but then how much must be added, and what proportion must the sugar bear to the spiritous liquor, in order to change the appropriate legal name of the article ?   If the mixture of any small portion of sugar will render it necessary to describe the article as mixed liquor, then proof that any minute quantity of sugar was put into a large quantity of spiritous liquor would, in all cases, be sufficient to defeat an indictment charging a sale of spiritous liquor.   Such a construction of the statute would cause great practical inconvenience, and greatly increase the difficulty of enforcing it.

But it is urged that the statute having distinctly enumerated mixed liquor, part of which is spiritous, as one of the different articles of which the sale is prohibited, all articles appropriately included under that description must be described by the use of the statute language, " mixed liquor, part of which is spiritous." But an argument nearly analogous would apply to the cases of sales of rum and brandy, when such sales are offered in evidence to sustain an indictment charging a sale of spiritous liquors ; as rum and brandy are articles named in the statute, and of which the sale is, in direct terms, prohibited.   But it has been held a good description, within the statute, to describe such sales of rum and brandy as sales of spiritous liquor.   If the article sold was spiritous liquor, though modified, to make it more palatable, yet we think it may well be described as spiritous liquor.

As to the suggestion that the jury are to judge, from the testimony, whether it was mixed liquor or not, if it be meant that they are to decide the law in criminal cases, the point is more properly raised under the next head of the exceptions. As to the character of the liquor sold, there was no question of fact.   It was spiritous liquor mixed with water and sugar, and the only question was, whether such an article was properly described in the indictment.   The facts being uncontroverted, that was a question of law.

The further objection taken, that in criminal cases the jury are the judges of the law as well as of the facts, has received the most full consideration of the court, in a case previously

argued. *Commonwealth* v. *Porter*, (*post*. 263.) It will be seen that, while the court sustained the exceptions in that case, they did so for no cause existing in this case, in which the ruling of the presiding judge was not, in any respect, in conflict with the opinion given in *Porter's case*. While we felt it our duty to secure to the defendant, in a criminal trial, the fullest opportunity to spread before the jury, as well as the court, every ground of defence, we were no less clear in the opinion that it was the province of the court to decide upon all questions of law that might arise during the trial. As it seems to us, the instructions upon this point were correct.

*Exceptions overruled.*